By the Court.—Curtis, J.
The defendants did not sign the memorandum of sale made by the broker, nor was he their agent to sign in their behalf a contract containing such provisions. Ho copy of it appears to have been delivered to the defendants when plaintiffs’ broker offered the jute to the defendants ; they said they would take it, if it was “good Bowrah jute, good quality,” and when he verbally notified them of the acceptance by plaintiffs of their offer and of the contract, he said that by its terms it was good Bowrah jute. This condition is omitted from the terms of the contract. Although this contract is executory, and no part of the consideration paid, and the statute requires that it should be signed by both parties or their agents to be binding upon either, yet the defendants might so far ratify and adopt the acts of the broker, as to become bound. Where there is no employment of a person, his acts may be adopted, relating back to the original transaction, the same as if authority had been given ' before.
In a case like the present, there must be not only a delivery of the goods by the vendor, but a receipt and acceptance of them by the vendee to pass the title, or *110 make the vendee liable, for the price, and this acceptance must be voluntary and unconditional (Caulkins v. Hellman, 47 N. Y. R. 452). The evidence fails to show any such voluntary and unconditional acceptance as ratifies and adopts the contract, or the authority of the broker to make it. As soon as the jute was landed, the defendants raised objections to its quality, as not being that called for in the verbal contract, and refused to have it stored on their account. It was subsequently examined, and the defendants, on the 16th of August, 1870, notified the plaintiffs by letter, that owing to its inferior and unmerchantable quality, they declined to receive it. There does not appear to have been that voluntary and unconditional acceptance, or such retention or conduct on the part of the defendants, as is required to supply the place of a written contract.
There is another difficulty with the plaintiffs’ case, and that is whether the broker’s note of itself, and without any extrinsic testimony, does not imply a representation and condition that the jute should be merchantable.
Where goods are sold to arrive which the vendor has not in hand, and which neither party has' an opportunity of inspecting, upon a contract thus purely executory, it would be contrary to sound morality and public policy to enforce the doctrine of caveat emptor, and compel the purchaser to pay for goods of an unmerchantable quality.
The just principle of the civil law in such cases, caveat venditor, should be applied.
In an action to recover upon a broker’s note similar to this (Clue v. McPherson, 1 Bos. 489), the court held, that there was an implied engagement in the contract itself that the article should be merchantable. The learned judge, in his opinion, after reviewing the cases tending to establish the principle, concedes that it is a departure from the common law, and made necessary *111 "by its superior morality, and cites the treatise of Mr. Yerplanck, as illustrating this doctrine with great learning and ability. In Reed v. Randall, 29 N. Y. 358, and in Peck v. Armstrong, 38 Barb. 215, this same rule is applied to the vendor in executory contracts.
It appears to me that in the present case, the plaintiffs failing to show that the article was merchantable, and the defendants refusing to accept it, that there was no error on the part of the judge who dismissed the complaint.
There does not appear to have been any question of fact, arising on the trial, that should have been submitted to the jury. The exceptions to the rulings of the court on the admission of testimony are not tenable.
The judgment and order appealed from should be affirmed with costs.